| MTGLQ Invs., L.P. v Lila |
|:---:|
| 2026 NY Slip Op 30770(U) |
| February 27, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520676/2018 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP4, of the
Supreme Court of the State of New York,
held in and for the County of Kings, at
the Courthouse at 320 Jay Street,
Brooklyn, New York on the 27th day of
February 2026.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

----------------------------------------------------------------- X

MTGLQ INVESTORS, L.P.,

                 Plaintiff,                        Index No.: 520676/2018

     - against -

                                                  **DECISION/ORDER**

KEVIN LILA, et al.,

                 Defendants.
----------------------------------------------------------------- X

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Notice of Motion, Affirmation, and Exhibits | NYSCEF Doc. Nos. 95-108 |
| Affirmation in Opposition | NYSCEF Doc. Nos. 109-115 |
| Affirmation in Reply | NYSCEF Doc. No. 117 |

Motion Sequence #3

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

## INTRODUCTION

Kevin Lila and Pacific Enterprise, LLC ("Defendants") move for an order: (1) granting

summary judgment and dismissing the instant action as barred by the statute of limitations pursuant

1

[* 1]

to CPLR 3212; and (2) granting Defendants' counterclaims and discharging Plaintiff's mortgage against the subject premises at 1419 Park Place, Brooklyn, New York pursuant to RPAPL 1501 (4). Plaintiff opposes, and Defendants submit reply papers.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

The instant foreclosure action was commenced on October 15, 2018. A previous action seeking to foreclose the same mortgage was commenced on August 6, 2009, by Plaintiff's predecessor-in-interest under Index Number 19876/2009, entitled *Deutsche Bank Trust Co. Ams. v. Lila* ("first action"). The complaint in that action accelerated all sums due under the mortgage. Thereafter, on May 8, 2017, the first action was dismissed pursuant to CPLR 3215 (c). A second action ("second action") was filed on June 1, 2012, by Plaintiff's predecessor-in-interest under Index Number 11392/2012, entitled *Deutsche Bank Trust Co. Ams. v. Lila*. The second action was voluntarily discontinued on March 16, 2015.

Plaintiff previously moved for summary judgment and Defendants cross-moved for the same relief in this action, seeking to dismiss the action and discharge the mortgage pursuant to RPAPL 1501 (4) as barred by statute of limitations. The court denied Plaintiff's motion and granted Defendants' cross-motion by order entered May 12, 2022. *See* Order of the Honorable Cenceria P. Edwards entered May 12, 2022, NYSCEF Doc. No. 89. Thereafter, on April 17, 2024, the Appellate Division, Second Department, held that while Defendants had demonstrated prima facie that FAPA was applicable and the statute of limitations had expired, Plaintiff's challenge as to the constitutionality of FAPA warranted remanding the matter back to the Court for consideration. *See* Order of the Appellate Division dated April 17, 2024, NYSCEF Doc. No. 94. The instant motion follows. During the pendency of this motion, the Court of Appeals upheld the constitutionality of the Foreclosure Abuse Prevention Act ("FAPA") and its retroactive application in its landmark

2

[* 2]

decisions *Article 13 LLC v. Ponce De Leon Fed. Bank*, 2025 NY Slip Op 06536 and *Van Dyke v. U.S. Bank, N.A.*, 2025 NY Slip Op 06537, rendering this consideration moot. For the foregoing reasons, Defendants' motion is GRANTED.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986) (internal citations omitted). An action to foreclosure a mortgage must be commenced within six years. CPLR 213 (4). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt. Acceleration occurs, inter alia, by the commencement of a foreclosure action." *Deutsche Bank Natl. Trust Co. v. Adrian*, 157 A.D.3d 934, 935 (2d Dep't 2018) (Internal quotations and citations omitted).

Here, the first action in 2009 expressly accelerated the mortgage loan and demanded full payment of all sums secured by the mortgage. This action was later dismissed. The second action was discontinued. Defendants have established their prima facie entitlement to judgment on account of enforcement of the mortgage being time-barred, which was upheld by the Appellate Division on April 17, 2024. *See* Order of the Appellate Division dated April 17, 2024, NYSCEF Doc. No. 94. Plaintiff has failed to raise a triable issue of fact in opposition, as its arguments

3

[* 3]

regarding FAPA's constitutionality have been resolved by the Court of Appeals in the recently issued decisions *Article 13 LLC v. Ponce De Leon Fed. Bank*, 2025 NY Slip Op 06536 and *Van Dyke v. U.S. Bank, N.A.*, 2025 NY Slip Op 06537. Therefore, Defendants are entitled to summary judgment in this matter.

## CONCLUSION

Accordingly, Defendants' motion for summary judgment is GRANTED and this action is DISMISSED with prejudice. The subject mortgage is discharged pursuant to RPAPL 1501 (4), accompanying order to follow. The Court has considered the additional contentions of the parties not specifically addressed herein. Defendants shall serve notice of entry of these orders within ten (10) days of upload of the instant orders to NYSCEF upon Plaintiff, Defendants, and all parties who have appeared in this action.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Hon. Carolyn Walker-Diallo, J.S.C.

4